IN THE MATTER OF THE APPLICATION OF THE LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY TO ACQUIRE LANDS OF THE R. G. PACKARD COMPANY AND OTHERS.

Argued November 11, 1908—Decided February 23, 1909.

Where a body of land is separated into several parcels by the condemnation of strips of land through it, and a portion of one of such parcels is subsequently condemned, the compensation for such portion is the value of the land taken and the damage done by such taking to the remainder of such parcel.

---

On writ of error to Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Hartshorne, Insley & Leake.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This writ of error brings up for review a judgment entered on the verdict of a jury, rendered on an appeal from an award of commissioners appointed to condemn lands of the R. G. Packard Company, on the application of the Lehigh Valley Railroad Company of New Jersey.  The error assigned is the refusal of the trial court to direct the jury to consider certain elements which the landowners contended entered into the damages sustained by them by reason of the taking.

It appeared in the proofs that the Packard Company originally owned a tract of land containing something like fifty acres on the outskirts of the city of Bayonne, bordering on the shore of New York bay; that a strip of land running through this tract had been condemned for the purposes of a railroad by the National Docks Railroad Company, and that another strip running through the tract had been condemned for a like purpose by the Bergen Neck Railroad Company.  The result of these condemnations was to separate the tract into three parcels.  The land which is the subject of the present condemnation is a strip adjacent to the National Docks railroad, and is a portion of the parcel of the original tract which lies furthest from the waters of the New York bay.  The evidence excluded was offered for the purpose of showing that the effect of the present taking would necessarily be to diminish the value of that parcel of the original tract which bordered upon New York bay, and also of the parcel which lay between that just referred to and the parcel from which the strip now being condemned is taken.

We think the testimony was rightly excluded.  By the earlier condemnations the original fifty acre tract, as has already been stated, was separated into three several parcels, and these parcels became completely segregated from one another as if the separation had been made by the laying out and opening of streets through the tract.  The injury to the landowners which was caused by this segregation constituted a part of the damage which they sustained by reason

of the earlier condemnations, and for this they were compensated in those proceedings. The measure of their compensation in the present proceeding is the value of the land taken, and the damage done by the taking to the remainder of the tract from which it is abstracted, and that tract is the parcel which was separated from the original fifty acres by the earlier condemnations, and which lies furthest from the shore of New York bay.

The judgment under review must be affirmed.